# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PONCE RAMIREZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>GLEN E. PRATT, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 23-CV-2175 JLS (KSC)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner Martin Ponce Ramirez, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1) pursuant to 28 U.S.C. § 2254 challenging his state court conviction in San Diego Superior Court case number SCN398344.

## FAILURE TO SATISFY FILING FEE REQUIREMENT

A petition for writ of habeas corpus must either be accompanied by a $5.00 filing fee or an application to proceed *in forma pauperis* ("IFP"). *See* CivLR 4.5. Petitioner has not paid the $5.00 filing fee and has not moved to proceed IFP. *See generally* Docket. To proceed with this action, Petitioner must submit a copy of this Order with the requisite $5.00 fee or adequate proof he cannot pay.

/ / /

/ / /

# FAILURE TO EXHAUST ALL CLAIMS IN THE PETITION

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)–(c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. *See id*.

The Petition in the present case contains both exhausted and unexhausted claims. Petitioner has not alleged exhaustion as to claims one, two, or three, but he has alleged exhaustion as to claim four. *See* Pet. at 4, 7. To proceed with his case, Petitioner must choose one of the following options.

## I.   First Option:  Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than January 25, 2024.

## II.   Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520–21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading notifying the Court of his choice no later than January 25, 2024.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or

equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see also Nino v. Galazas*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

### III. Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than <u>January 25, 2024</u>.

Petitioner is cautioned that once he abandons his unexhausted claim(s), he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)–(b).

### IV. Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. There are two methods available to Petitioner: the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

/ / /

If Petitioner wishes to use the "stay and abeyance" procedure he must ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133, 1141–42 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition—*i.e.*, they must share a "common core of operative facts" with the previously exhausted claim(s). *Id.* at 1142–43 (quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005)).

If Petitioner chooses this fourth option, he must file a pleading with this Court no later than January 25, 2024. Respondent may file a reply by February 25, 2024.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action without prejudice. If Petitioner wishes to proceed with this case, he must, **no later than January 25, 2024**: (1) pay the $5.00 filing fee or file a properly supported motion to proceed *in forma pauperis*; and (2) choose one of the options outlined above.

**IT IS SO ORDERED.**

Dated: December 5, 2023

Hon. Janis L. Sammartino
United States District Judge