UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PONCE RAMIREZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>GLEN E. PRATT, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 23-CV-2175 JLS (KSC)<br><br>**ORDER DISMISSING AMENDED PETITION WITHOUT PREJUDICE AND EXTENDING TIME TO CHOOSE OPTION AND SATISFY FILING FEE REQUIREMENT**<br><br>(ECF No. 3) |

On November 24, 2023, Petitioner Martin Ponce Ramirez, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1) pursuant to 28 U.S.C. § 2254 challenging his state court conviction in San Diego Superior Court case number SCN398344.  In its December 5, 2023 Order (the "Order," ECF No. 2), the Court dismissed the case without prejudice based on Petitioner's failure to satisfy the filing fee requirement and failure to exhaust all claims in the Petition.  The Court notified Petitioner that to proceed with the instant habeas case, he must both pay the $5.00 filing fee or move to proceed *in forma pauperis* ("IFP"), and choose one of the four options outlined, which included (1) demonstrate exhaustion, (2) voluntarily dismiss the petition, (3) formally abandon unexhausted claims, or (4) file a motion to stay the federal proceedings, on or before January 25, 2024.  *See generally* Order.

1

On January 2, 2024, Petitioner filed a second habeas petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction in San Diego Superior Court case number SCN398344, which has been docketed as an Amended Petition ("Am. Pet.," ECF No. 3). In the Amended Petition, Petitioner appears to repeat the same four claims for relief from the original Petition (now in a different sequential order). Additionally, the Court notes that Petitioner submitted what appears to be an approved trust account withdrawal form along with the Amended Petition, *see* Am. Pet. at 74,[1] but the Court has yet to receive the filing fee. As Petitioner has attempted to respond to the Court's earlier Order, the Court *sua sponte* extends the deadline for Petitioner to both (1) choose an option and (2) satisfy the filing fee requirement to **February 29, 2024**.

## FAILURE TO EXHAUST STATE COURT REMEDIES

As with his original Petition, it does not appear that state court remedies have been exhausted as to all of the Amended Petition's claims. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)–(c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). The exhaustion requirement is satisfied by providing state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. *See id.*

While Petitioner now *alleges* exhaustion as to each of the four claims presented in the Amended Petition by way of submitting them to the California Supreme Court in a habeas petition, *see* Am. Pet. at 6–9, a review of said petition appears to reflect that state court remedies have been exhausted only as to Claims 1–3, *see id.* at 55–60. Meanwhile,

---

[1] Citations to the Amended Petition refer to the blue CM/ECF page numbers digitally stamped across the top of each page.

Claim 4 appears to remain unexhausted.  As the Amended Petition seems to contain both exhausted and unexhausted claims, Petitioner has again failed to demonstrate exhaustion as to all claims raised.  Consequently, Petitioner must choose one of the following options to proceed with this case.

## I.     First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claim(s) the Court has determined are likely unexhausted.  If Petitioner chooses this option, his papers are now due no later than **February 29, 2024**.

## II.    Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim(s).  Petitioner may then file a new federal petition containing only exhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 510, 520–21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this second option, he must file a pleading notifying the Court of his choice no later than **February 29, 2024**.

Petitioner is again cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).  The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  *Id.* § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore did not toll the statute of limitations), *as*

*amended*, 439 F.3d 993. But absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

## III.   Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claim(s) and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **February 29, 2024**. Petitioner is cautioned that once he abandons his unexhausted claim(s), he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)–(b).

## IV.   Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). There are two methods available to Petitioner: the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure, he must ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate that there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133, 1141–42 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to

timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition—*i.e.*, they must share a "common core of operative facts" with the previously exhausted claim(s). *Id.* at 1142–43 (quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005)). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **February 29, 2024**.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Amended Petition (ECF No. 3) without prejudice and *sua sponte* extends the deadline for Petitioner to respond. If Petitioner wishes to proceed with this case, he must, no later than **February 29, 2024**: (1) satisfy the filing fee requirement by either paying the $5.00 filing fee or filing a properly supported motion to proceed *in forma pauperis*; and (2) choose one of the options outlined above. The Clerk of Court **WILL SEND** a blank Southern District of California *In Forma Pauperis* Application to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: January 16, 2024

Hon. Janis L. Sammartino
United States District Judge