UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PONCE RAMIREZ,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>GLEN E. PRATT, Warden,<br><br>　　　　　　　　　Respondent. | Case No.: 23-CV-2175 JLS (KSC)<br><br>**ORDER (1) GRANTING MOTION TO AMEND PETITION AND (2) DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE**<br><br>(ECF No. 6) |

On November 24, 2023, Petitioner Martin Ponce Ramirez, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. On December 5, the Court dismissed the case without prejudice based on Petitioner's failure to satisfy the filing fee requirement and failure to exhaust all claims in the Petition. *See* ECF No. 2. The Court notified Petitioner that to proceed with the instant habeas case, he must, on or before January 25, 2024, pay the $5.00 filing fee or move to proceed *in forma pauperis* ("IFP"), and also choose one of the four options outlined, which included: (1) demonstrate exhaustion, (2) voluntarily dismiss the petition, (3) formally abandon unexhausted claims, or (4) file a motion to stay the federal proceedings. *See id.*

On January 2, 2024, Petitioner filed a second habeas petition pursuant to 28 U.S.C. § 2254, which was docketed as an Amended Petition. *See* ECF No. 3. In its January 16, 2024 Order, the Court noted that the Amended Petition appeared to repeat the

1

same four claims for relief from the original Petition in a different sequential order, but that a review of the attached habeas petition filed in the California Supreme Court appeared to reflect that state court remedies had not been exhausted as to each of the four claims alleged and Petitioner also had not satisfied the filing fee requirement.  *See* ECF No. 4.  Given Petitioner's attempted response to the Court's December 5, 2023 Order, the Court *sua sponte* extended the deadline for Petitioner to both (1) choose an option and (2) satisfy the filing fee requirement to February 29, 2024.  *See id.*  On January 30, 2024, Petitioner paid the $5.00 filing fee.  *See* ECF No. 5.

Meanwhile, on January 23, 2024, instead of submitting a filing in which Petitioner chose an option in the instant case, Petitioner constructively filed a second habeas corpus petition pursuant to 28 U.S.C. § 2254 seeking to challenge the same conviction and sentence as in the instant habeas action.  *See* ECF No. 1 (the "Petition" or "Second Amended Petition") in *Ramirez v. Pratt, et al.*, S.D. Cal. Civil Case No. 24-CV-232 AGS (DEB).[1]  In *Woods v. Carey*, the Ninth Circuit held that when a pro se petitioner has a 28 U.S.C. § 2254 petition pending in a district court and files a new 28 U.S.C. § 2254 petition challenging the same conviction, "the district court should . . . construe[] [the petitioner's] pro se habeas petition as a motion to amend his pending habeas petition." 525 F.3d 886, 890 (9th Cir. 2008).  Because the instant case was pending before the Court when Petitioner constructively filed the instant Petition on January 23, 2024, the Court is required to construe the Petition as a motion to amend in the instant case.  *See id.*

On April 3, 2024, Judge Schopler ordered that the Petition filed in S.D. Cal. Civil Case No. 24-CV-232 AGS (DEB) be construed as a motion to amend the petition in this case.  *See* ECF No. 4 in *Ramirez v. Pratt, et al.*, S.D. Cal. Civil Case No. 24-CV-232 AGS

---

[1] The federal Petition is filed-stamped February 2, 2024, but under the "mailbox rule" the constructive filing date is the date Petitioner handed it to correctional officers for mailing to the Court, which Petitioner indicates is January 23, 2024.  *See* ECF No. 1 at 11–13 in S.D. Cal. Civil Case No. 24-CV-232 AGS (DEB); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) ("Under the 'prison mailbox rule' of *Houston v. Lack*, 487 U.S. 266 (1988), a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court.") (internal citations omitted).

(DEB).  So construed, the Court **GRANTS** the motion to amend the petition (ECF No. 6) and **DIRECTS** the Clerk to refile the Petition in S.D. Cal. Civil Case No. 24-CV-232 AGS (DEB) as a Second Amended Petition in the instant case.

## PETITION SCREENING

With respect to the instant habeas case, Petitioner has now satisfied the filing fee requirement by paying the $5.00 filing fee.  *See* ECF No. 5.  Moreover, Petitioner has also indicated his choice of option in accordance with the Court's January 16, 2024 Order, stating that: "I am choosing the First Option.  I am including proof that in fact I have exhausted all claims in the petition."  ECF No. 6 at 14.

Upon review, Petitioner again repeats the same four claims for relief previously raised in both the original Petition and in the Amended Petition.  However, yet again, the Court's review of Petitioner's submitted exhibits in support of his attempt to demonstrate exhaustion reflect that the instant Second Amended Petition is a mixed petition.  While the attached exhibits reflect that Claims 1 through 3 were raised in the California Supreme Court and appear exhausted, those same exhibits do not reflect that he presented Claim 4 to the California Supreme Court and as such, Petitioner fails to demonstrate exhaustion as to Claim 4.  *See id.* at 58–63.

Because Petitioner has twice been advised of the need to demonstrate complete exhaustion to proceed with option one, *see* ECF No. 2 at 2; ECF No. 4 at 3, and has twice failed to do so, it appears clear he is unable to demonstrate exhaustion of state court remedies as to all claims raised as required to proceed.  While the Court will provide Petitioner one final opportunity to proceed with this action by choosing an option, Petitioner now has only three options to choose from.

**I.     First Option: Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim(s).  Petitioner may then file a new federal petition containing only exhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 510, 520–21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to

"return[] to state court to exhaust his claims"). If Petitioner chooses this first option, he must file a pleading notifying the Court of his choice no later than **June 18, 2024**.

Petitioner is again cautioned that any new federal petition must be filed before the expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). The statute of limitations does not run while a properly filed state habeas corpus petition is pending. *Id.* § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while under consideration in state court, and thus does not toll the statute of limitations), *as amended*, 439 F.3d 993. But absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

## II.     Second Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claim(s) and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520–21 (stating a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **June 18, 2024**. Petitioner is cautioned that once he abandons his unexhausted claim(s), he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244(a)–(b).

///

///

### III. Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). There are two methods available to Petitioner: the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he must ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133, 1141–42 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition—*i.e.*, they must share a "common core of operative facts" with the previously exhausted claim(s). *Id.* at 1142–43 (quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005)). If Petitioner chooses this third option, he must file a pleading with this Court no later than **June 18, 2024**.

### CONCLUSION AND ORDER

For the reasons above, the Court **GRANTS** the Motion to Amend the Petition (ECF No. 6) and **DIRECTS** the Clerk to refile the Petition in S.D. Cal. Civil Case No. 24-CV-232 AGS (DEB) as a Second Amended Petition in the instant case. Additionally, the Court **DISMISSES** the Second Amended Petition without prejudice for failure to exhaust state court remedies as to all claims raised. If Petitioner wishes to proceed with this case, he must, no later than **June 18, 2024**, choose one of the three options outlined above.

Petitioner is cautioned that if he fails to respond to this Order, the case will remain dismissed without prejudice. *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

Dated: April 18, 2024

Hon. Janis L. Sammartino
United States District Judge